Ch. J. Barry
delivered the opinion of the Court.
THE plaintiff, alleging that he was a tavern-keeper in the employ of the defendant, charges in his declaration, that the defendant, in speaking of his conduct, uttered the following slanderous words: “ Albert Brite stole sugar and coffee; he (the plaintiff meaning) took sugar and coffee enough of mine, (the defendant meaning,) to last him twelve months.” The second count has these words: “ Albert Brite stole my tea-spoons.”
The defendant justifies in three several pleas, stating ¡n substance, that before speaking the words of the *66 plaintiff, he was and had been for some time m his efii» ploy as a tavern-keeper, in a house belonging to the defendant; that he had furnished sugar, coffee, spoons, &c. for the use of said tavern, and gave them in charge to the plaintiff; that he hád wasted and destroyed them, and mismanaged the business; of the defendant, to his great injury; that he demanded an account of the plaintiff, and in the settlement with him, had great cause of complaint on account of the loss and waste of sugar, coffee and tea-spoons, occasioned by the neglect and mismanagement of the plaintiff; that the defendant did afterwards, in conversing with a certain John Logan, jun. and in his presence only, on the subject of the waste and destruction aforesaid, and the mismanagement and breach of trust which the plaintiff had been guilty of as to the sugar, coffee and tea-spoons that had beeu thus furnished-, and in relation to no other subject whatever, speak the words charged in the declaration. ^
J'ndgment oif the circuit court.
To máintain this action, it is essential the words contain an express implication of some crime or misdemeanor, liable to punishment.
To these pleas the plaintiff demurred, the defendant joined, and judgment was rendered in his favor, t© reverse which the plaintiff prosecutes this writ of error.
The sufficiency of the pleas is the question for the consideration of the court. It is not attempted to justify the truth of the "words, as charged in the declaration. The defence is placed on the ground, that the words were spoken free from the imputed malice, in a sense not defamatory; the defendant relying that the circumstances pleaded, showed a breach of trust merely; that although the words in the declaration imported felony, the conversation in which they were used, so explained them as to satisfy the hearer that no such charge was intended.
To maintain this action, It is essential that the words should contain an express imputation of some crime liable to punishment, some capital offence, or other infamous crime or misdemeanor. An imputation of the mere defect or want of moral virtue, moral duties or obligations, is not sufficient. Hence it bas been decided, that to call a man a thief is not actionable, unless it be intended to impute felony to him. Where the expression is accompanied with other words, which clearly denote that the speaker did not intend to impute felony to the party charged, no action can be maintained.
In an action of slander, the words proved were: “ He is a thief; for he has stolfen my beer.” It appeared in *67 evidence that the defendant was a brewer, and that the plaintiff had lived with him as a servant, in the course-of which service, he had sold beer to different customers of the defendant and received money for the same, which he had not duly accounted for. The Judge directed the Jury to consider whether the words were spo'ken in reference to the money received and not accounted for by the plaintiff, or whether the defendant meant that the plaintiff had actually stole beeF;- for. if they ferred to the money not accounted-for, that being a mere breach of contract, so far explained the word tbief. as to make it not actionable. So if a man says to another, “ you are a thief, for you stole my tree,” it is not actionable; for it seems he had a trespass and not a felony in contemplation. See Selw. N. P. 1158, 1159.
To call a man a ttiief, is no4 it be intended to impute, to
Words which. ject on ^iebi they are spo-noñ1™ bu? ntbthe colloquium, do, not import it,, tionabK10*
The same doctrine is recognized in the case of Dexter vs. Taber, 12 John. Rep. 240. The slanderous words in that case were: “You area thief.”' The witness, who proved the speaking of these words, went on to explain in what connexion and in reference to what subject the words were spoken, viz: “You area thief; you have stolen hoop-poles and saw-logs from off .Delaney and Judge Myers’ land;” alluding to certain wood-lands belonging to these persons. A verdict was found-for the defendant, and-t-he court refused a new trial, because the words were not actionable*.
Another case, to the same effect, is reported'in 1 John. Ca. 279, of Vanransalear vs. Dale. The words charged in the declaration were: “ John Kateing is a damned rascal as ever lived, and all who joined his party in the procession on the 4th of July, (meaning the said Yanransalearand the party and-procession in which the said John Kateing acted as captain, on said 4th of July,) are a set of black-hearted highwaymen, robbers and murderers.” On the part of the defendant, it appeared that previous to the speaking of these words, there had been a public procession, in which Kateing commanded an artillery company, which formed part of the procession, altended with music; that a Mr. Bird claimed one of the instruments of music,.av.bass viol, and went to take it; but-it was.refused and retained by force; an affray ensued, in which Bird received a dangerous, wound. The words charged were proved to have relation to this transaction, and that the terms “ highwayman, robber and murderer,” were used'in reference V> *68 the treatment of Mr. Bird, in withholding the bass vC ol and stabbing him. The court decided that the-words thus explained as to their meaning, were not actionable.
The defendant may show by the subject and colloquium, that the design was to only impute a breach of trust and not felony.
ma be done either in evidenceor foy special Slouroe'lOO.
in the latter case, the ed bein^ad?" ■ spitted, and the whole colloquium stated, it is the province of the court to decide on the import of the words, and intent •with which they were spoken.
Mandate.
These modern decisions are in conformity to the principles settled in the case of Lord Cromwell, 4 Co. R. 14, and which it is believed have been maintained by an uniform course of decision since that time.
Although these matters of defence may, and in modern practice most usually are given in evidence under the general issue of not guilty; yet it is competent for the defendant to rely on them by a plea in bar. When the sense of the w-ords are collected and fully presented in the plea, it is the province of the court to decide whether the words are slanderous or not. It is remarked in the case referred to in Coke, where a plea of this kind was held good, “that the defendant should never be put to the general issue where he confesses the words and justifies them, or confesses the words and by special matter shows that they are not actionable.” See also this point, 1 Saund. 131, N. 1.
The principles advanced, and which appear tobe so well settled by repealed adjudications, must be regarded as decisive of the present controversy.
The possession of the sugar, coffee and tea-spoons, furnished the plaintiiffor the use of the tavern, being lawfully acquired, they were subject to his control, and no act of waste or embezzlement, could, subject him to charge of felony. The defendant escapes from the consequence of the words as charged in the declaration, by the colloquium at the time of speaking them, which qualifies them, and shows that a felony was not committed, and was not intended to be charged on the plaintiff.
From this view of the case, we should have no difficulty in affirming the judgment of the circuit court, but for a defect discovered in the defendant’s first plea. Ii. the commencement it refers to both counts of the declaration; but is only responsive to the first, and does not traverse the charge m the second count. The demurrer of the plaintiff should have been sustained as to this plea. The court erred in not doing so.
For this cause the judgment is reversed with costs, the cause remanded with directions to enter judgment on the demurrer in favor of the plaintiff, as to the first plea, with leave to withdraw his demurrer as to the *69 aeconcl and third pleas, and reply to them, if be elects to do so, andón failure, that the judgment against him on those pleas he made absolute.
Cntlenden, for plaintiff; Sharp, for defendant.